# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

TODD CARLTON SMITH, )
)
                Plaintiff, )  **CIVIL ACTION**
)
v. )  No. 03-3432-MLB
)
WILLIAM CUMMINGS, et al., )
)
                Defendant. )
)

## MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion to enforce a settlement agreement. (Doc. 132). For the reasons herein, plaintiff's motion is denied.

## Facts and Procedural Background

Plaintiff, a federal prisoner, filed a civil rights complaint against defendants on November 5, 2003. (Doc. 1). On April 19, 2005, this court entered an order granting summary judgment to all but one defendant, Steven Lafrinere. (Doc. 82). That order sets forth the factual basis of plaintiff's claims. The court then entered a default judgment against Lafrinere. (Doc. 101). Plaintiff appealed this court's decisions to the Tenth Circuit. On May 22, 2006, the Circuit affirmed this court's decisions with respect to the section 1983 claims but reversed on the state law claims and remanded for the court to make factual findings as to plaintiff's residency.[1] (Doc. 115). This court then ordered the parties to submit additional briefing on

---

[1] This court dismissed plaintiff's state law claims after determining that plaintiff was a Kansas resident and diversity jurisdiction therefore did not apply.

the question of plaintiff's residency. Instead of submitting supplemental briefing, the parties filed a settlement agreement on June 19, 2006. (Doc. 118).

The settlement agreement contained the following provision:

> The Kansas Department of Corrections will as soon as practicable effect the transfer of the plaintiff to the Lansing Correctional Facility Protective Custody Unit Upon said transfer, the plaintiff will be under the rules established for such unit, and the length of time he remains in protective custody shall be determined by the Kansas Department of Corrections and should the Kansas Department of Corrections determine at some point in time that protective custody is not warranted, the removal of the plaintiff from the protective Custody Unit shall not be a basis for abrogation of this agreement by any party or the Kansas Department of Corrections.

(Doc. 118).

Plaintiff was placed in the Protective Custody Unit (PCU) at Lansing on June 15, 2006, in compliance with the settlement agreement. On July 14, plaintiff signed a waiver stating that he "hereby waive[s] protective custody knowingly and willingly." (Doc. 134, exh. 2 at 9). Plaintiff was then released to the general population at Lancing. Plaintiff alleges that he was attacked on July 27, 2009, more than three years later, by four inmates as a result of not being confined in protective custody. Plaintiff is currently in protective custody at El Dorado Correctional Facility. Plaintiff filed this motion to enforce defendants to comply with the settlement agreement and place him in Lansing PCU.

## Analysis

The Kansas Department of Corrections[2] contends that the court

---

[2] Notably, the Kansas Department of Corrections was not even a named party in the underlying lawsuit. It, however, does not argue that as a basis for denial of the motion.

does not have jurisdiction over plaintiff's motion. In <u>Morris v. City of Hobart</u>, 39 F.3d 1105, 1110 -11 (10th Cir. 1994), the Tenth Circuit, citing a Supreme Court decision, held "that, once the parties to a lawsuit have settled and the district court has dismissed the case, the district court does not have ancillary jurisdiction to enforce the parties' settlement agreement." The court can retain jurisdiction if an order shows the intent to do so. <u>Id.</u> The court did not enter any such order in this case. Moreover, the language of the settlement agreement did not contemplate any involvement of the court. Therefore, ancillary jurisdiction is unavailable to enforce the settlement agreement in this case. <u>Id.</u>

The court may have jurisdiction over the cause of action if federal subject matter jurisdiction exists. A case arises under federal law if its "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856, 77 L. Ed.2d 420 (1983). Plaintiff does not assert that the cause of action is created by federal law. Rather, plaintiff's allegations involve a breach of a contract. The settlement agreement was drafted in consideration of the dismissal of plaintiff's state law claims. Therefore, no substantial question of federal law exists. <u>Morris</u>, 39 F.3d at 1111.

Alternatively, the court must assume that plaintiff would continue to assert that he is not a Kansas resident, as he did on appeal to the Tenth Circuit. If so, plaintiff has still failed to

satisfy diversity jurisdiction in this case because he has not alleged that the amount in controversy is greater than $75,000. In actions such as this one in which the plaintiff seeks declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed.2d 383 (1977). "To determine the amount in controversy, we look to the pecuniary effect an adverse declaration will have on either party to the lawsuit." City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983).

Plaintiff is already residing in PCU at El Dorado Correctional Facility but seeks removal to the PCU at Lancing Correctional Facility. The value of this move would be de minimis as it would merely be shuffling plaintiff to another facility with presumably the same costs to provide his housing. Therefore, the court finds that the amount in controversy is not satisfied.[3]

**Conclusion**

Plaintiff's motion is denied. (Doc. 132).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been

---

[3] Even if plaintiff could establish that jurisdiction existed in this case, the court would deny plaintiff's motion. It is clear from the language in the settlement agreement that the continued placement at Lancing PCU was at the discretion of Kansas Department of Corrections.

obtained through the exercise of reasonable diligence. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  21st  </u> day of January 2010, at Wichita, Kansas.

<u>s/ Monti Belot                </u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE