IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

TODD CARLTON SMITH,                    )
                                       )
                    Plaintiff,         )    **CIVIL ACTION**
                                       )
v.                                     )    No.  03-3432-MLB
                                       )
STEVEN LAFRINERE,                      )
                                       )
                    Defendant.         )
_____)

<u>**MEMORANDUM AND ORDER**</u>

This case comes before the court on defendant's motion to set aside the default judgment.  (Doc. 149).  The motion is fully briefed and ripe for decision.  (Docs. 150, 151, 153).  Defendant's motion is granted for the reasons herein.

**I.    Facts**

On January 21, 2004, plaintiff filed an amended complaint which named Lafrinere as a defendant.[1]  Defendant was employed as a correctional officer at Lansing Correctional Facility, where plaintiff is currently serving a prison sentence.  Defendant was served with the summons on January 27, 2005.[2]  Defendant did not enter an appearance. Plaintiff filed a motion for default and a renewed motion for default. (Docs. 87, 93).  Those motions were not mailed to defendant.[3]

_____

[1] Plaintiff's initial complaint listed a "John Doe" as a defendant.  (Doc. 1).

[2] Plaintiff is proceeding in forma pauperis in this case and therefore the summons are to be issued by the clerk.  For some unknown reason, the clerk did not request defendant's address until December 15, 2004.  (Doc. 66).

[3] As a pro se plaintiff, plaintiff submitted his motion to the clerk's office for filing.  A clerk's office employee then docketed the motion and sent electronic notification to the parties.  Because defendant had not entered an appearance, there was no electronic

Plaintiff did not attach an affidavit to the motions addressing defendant's military status. The court set a hearing on the motion for default. On June 2, 2005, the court sent a notice of the hearing to defendant's last known address. That letter, however, was returned to the court with the post office's notation of a different address in Rossville, Kansas. The court sent defendant a new notice on June 13, 2005. Defendant, however, had reported to basic training in Fort Knox on June 6. The record does not reflect whether defendant received the notice of the hearing.

On June 20, 2005, the court held a hearing on plaintiff's motion for default. Defendant did not appear and the court granted plaintiff's motion. The court entered judgment in favor of plaintiff for $1,000 in compensatory damages and $5,000 in punitive damages. Plaintiff has made repeated attempts to collect his judgment but was unable to locate defendant. Recently, plaintiff was successful in locating defendant who is currently stationed at Fort Leavenworth. In June 2011, the Office of the Judge Advocate General advised defendant of the judgment against him and plaintiff's attempts to garnish defendant's wages. Plaintiff sought counsel and now seeks to set aside the default judgment and defend the action.

## II.   Analysis

Federal Rule of Civil Procedure 55(b)(2) permits a trial court, upon motion, to enter judgment against a defendant who has defaulted under Rule 55(a). The court entered a default judgment in this case after a holding a hearing on the motion to default in which defendant

---

notification sent. Normally, a mailed copy would have been sent to defendant. For some reason, that was overlooked in this case.

failed to appear.   The Servicemembers Civil Relief Act ("SCRA"), however, requires, as a prerequisite to default judgment, the submission of an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[,] or if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 App. U.S.C. § 521(b)(1).   The SCRA "was created to allow for the suspension of civil actions for those persons in the military in order to allow military personnel to devote their entire energy to the defense of the nation." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). The Act has long been liberally construed to protect those men and women who drop their own affairs to take up the burdens of their country. Boone v. Lightner, 319 U.S. 561, 574, 63 S. Ct. 1223, 87 L. Ed. 1587, (1943); Conroy v. Aniskoff, 507 U.S. 511, 516 & n. 9, 113 S. Ct. 1562, 123 L. Ed.2d 229 (1993).

An affidavit compliant with the SCRA was not submitted in this case.   When a motion for default is submitted and it lacks the requisite affidavit under the SCRA, the motion must be denied.   See Sprinkle v. SB & C Ltd., 472 F. Supp.2d 1235, 1244 (W.D. Wash. 2006) (compliance with the SCRA affidavit requirement "is a prerequisite to the entry of judgment for the plaintiff"); United States v. Simmons, 508 F. Supp. 552, 552 n. 1 (E.D. Tenn. 1980) (denying motion for default judgment for failure to satisfy SCRA affidavit requirement); Merrill v. Beard, No. 05-768, 2007 WL 461469, *3 (N.D. Ohio Feb. 7, 2007).   A default judgment which is obtained in the absence of full

compliance with the SCRA is voidable.   <u>Id.</u>

The court finds that plaintiff failed to comply with the requirements of SCRA and default judgment was improperly granted. If plaintiff had submitted an affidavit stating either that defendant was serving in the military or that he was unsure of defendant's military status, the court would not have entered the default judgment -- especially in light of the fact that the motions for default and the notice of the hearing were not delivered to defendant.  Therefore, the court finds that the correct course is to set aside the default judgment and allow defendant to defend the claims against him.

## III.   Conclusion

Defendant's motion to set aside the default judgment is granted. (Doc. 149).  Defendant is directed to file an answer in fourteen days. The clerk is directed to assign a magistrate judge to this case.


IT IS SO ORDERED.

Dated this <u>  29th  </u> day of September 2011, at Wichita, Kansas.


<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-4-